SMITH, ADMR., APPELLANT, *v.* THE NEW YORK CENTRAL RD. CO., APPELLEE.

(No. 3832—Decided December 8, 1941.)

*Messrs. Deeds & Zeigin,* for appellant.
*Mr. Harold A. James* and *Messrs. Doyle & Lewis,* for appellee.

LLOYD, J. This is an appeal on questions of law by E. E. Smith, administrator of the estate of Louis H. Robb, deceased, from an adverse judgment of the Court of Common Pleas of Lucas county.

The object of the action commenced in the Court of Common Pleas by the administrator, a resident of Williams county, was to recover damages from The New York Central Railroad Company for the benefit of the next of kin of decedent Robb for the alleged wrongful death of Robb, also a resident of Williams county, caused by a collision in Williams county between an automobile operated by Robb and a train of the railroad company.

The tracks of the railroad company extend into and through both Williams and Lucas counties, and its trains were operated in both counties. In the action thus commenced by the administrator in the Lucas county Court of Common Pleas, the railroad company filed the following motion:

"Now comes The New York Central Railroad Company and without entering its appearance herein and appearing solely for the purpose of this motion moves the court for an order quashing the summons and service of summons in this case and dismissing the action for the reason that this action is not properly brought in the Court of Common Pleas of Lucas county, Ohio."

The Court of Common Pleas granted this motion and dismissed the petition filed in the action of the administrator, which the administrator contends was prejudicially erroneous for the reason that by including in the motion a request for the dismissal of the action, the

railroad company entered its appearance therein. With this contention, this court does not agree.

Section 11273, General Code, provides:

"An action against * * * a railroad company * * * may be brought in any county through or into which such line, railroad, * * * passes or extends; provided that all actions against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county."

It is unnecessary to say more than that in the judgment of this court there is nothing in the motion which could constitute an entry of appearance by the appellee railroad company in the action sought to be commenced by the administrator in the Lucas county Court of Common Pleas. It is unnecessary to consider whether under the circumstances or in any way there can be an entry of appearance in an action such as the instant case, because here the railroad company specifically reserved in its motion its non-entry of appearance, and with such reservation requested only that which Section 11273, General Code, contemplates and to which, under its provisions, the railroad company was entitled.

The judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

Overmyer and Carpenter, JJ., concur.